**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-DETROIT**

IN THE MATTER OF:
Pita Franchise Corporation

Debtor,

Case No. 10-51895
Hon.: Thomas J. Tucker
Chapter 11

______________________________________________/

**RESPONSE IN OPPOSITION TO MOTION OF FRANK LOMBARDO AND THE FRANK J. LOMBARDO TRUST u/a/d 11/11/02 FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO DISMISS THE PETITION**

NOW COMES, the Debtor, Pita Franchise Corporation (“PFC”), by and though its Counsel, Scott F. Smith, and for its Response in Opposition to Motion of Frank Lombardo and the Frank J. Lombardo Trust U/A/D 11/11/02 (“Lombardo”) for Relief from the Automatic Stay or in the Alternative to Dismiss the Petition, respectfully states as follows:

1. PFC did authorize the Chapter 11 filing by a consent resolution of the Board of Directors of which Kousay Askar endorsed as majority owner of the outstanding shares (Exhibit “A”).
2. Debtor has filed a Motion to use cash collateral which is pending with a proposed order.
3. Debtor has offered adequate protection as required under 11 U.S.C. 363 (e).
4. Debtor has attempted to negotiate an equitable periodic payment and replacement liens for use of cash collateral but Lombardo has not entered into good faith negotiations.
5. The Debtor is submitting a proposal budget attached as Exhibit “B”.

6. Debtor has provided Lombardo and/or receiver with all information requested including bank statements, corporate resolutions, budgets and proposed payments of payables.
7. Debtor has filed its small business report and otherwise cooperated with the U.S. Trustee.
8. Granting Lombardo relief from the automatic stay and failure to use cash collateral would be tantamount to dismissing the case which would be the death knell for PFC, the franchisees and all other creditors except Lombardo.
9. Lombardo does not meet the statutory language required to lift the stay under 11U.S.C.362 (d) as such property is essential to an effective reorganization. Furthermore, Lombardo is only entitled adequate protection on the secured portion of its claim on the date of the “order for relief”.
10. The debtor is working on a plan of reorganization which will offer fair payment to the secured creditor, unsecured creditors and will enable the Franchisees to continue to operate and such a plan would provide value to the creditors in excess of Chapter 7 liquidation or state creditor remedies which Lombardo seeks to pursue. The exclusive period for Debtor to submit a plan is until August 9, 2010. Accordingly, Lombardo’s Motion is premature at best.
11. Debtor has not established cause under 11USC1112 (b)(1) to dismiss the case.
12. Lombardo has not established bad faith but only that the sole secured creditor prefers to pursue state law collection remedies.

13. There does not exist the factors the 6th Circuit has enumerated that could lead to a finding of bad faith such as being a single asset case, the debtor not having an ongoing business, there being few unsecured creditors, there not being the possibility of a successful reorganization. *In re Charfoos, 979 F.2d (6th Cir.1992).* The most important factor being far and away if there is a potentially viable business worthy of rehabilitation. *In re Ironsides, Inc. 34 B.R.337, 339 (Bankr. W.D.Ky. 1983);*

14. Lombardo argues that the Debtor had partaken in improper conduct prior to the filing; however this is a misnomer as the allegations are in reality that Askar personally acted improperly.

15. The irony is that there would not be any question the business would be viable but for the conduct of Lombardo. Specifically Lombardo was the President of PFC until late 2008 and controls or used to own four franchisees which owe the Debtor PFC approximately $250,000.

16. Lombardo seeks to characterize this case as "in essence a dispute between the debtor and secured creditor" but totally disregards the rights of franchisees, other creditors and shareholders. Similarly the Receiver/ Lombardo do not have any interest to even assess the impact their actions have on interested parties.

17. Paragraphs 34 – 39 of Lombardo's Motion to Lift Stay argues that the State Court post-filing appointed receiver over Askar (not the Debtor) should deprive PFC of any right to file a Chapter 11 case. These arguments have

been dealt with in the Debtors Response to The Macomb County Circuit Court Receiver which are hereby incorporated by reference in its entirety.

WHEREFORE, Pita Franchise Corp respectfully requests that the Court deny the Motion of Frank Lombardo and the Frank J. Lombardo Trust U/A/D 11/11/02 for Relief from the Automatic Stay or in the Alternative to Dismiss the Petition.

Respectfully submitted,

SMITH LAW GROUP PLLC

By: /s/Scott F. Smith
Scott F. Smith (P28472)
31800 Northwestern Hwy., Ste. 100
Farmington Hills, Michigan 48334
(248) 302-7181